PER CURIAM.
S.A.M., a juvenile, has filed a Petition for Writ of Habeas Corpus alleging that she is being illegally detained in violation of section 39.044(2)(d), Florida Statutes (1990). We agree and grant the writ.
Petitioner was taken into custody on August 17, 1994 on two counts of grand theft. While the petitioner alleges grand theft auto, the response to our show cause order and the supporting documents clearly show the peti *949 tioner is charged with two counts of grand theft under section 812.014(2)(c)(l), Florida Statutes. She was brought before the court for a detention hearing and detained for failure to appear on at least two prior occasions. The risk assessment instrument prepared for the child showed that S.A.M. did not meet any of the detention criteria. The petition alleges that there are no facts to support a finding that petitioner meets detention admission criteria under section 39.044(2)(d). If the court orders a placement in detention more restrictive than that indicated by the results of the risk assessment instrument, the court must state in writing clear and convincing reasons for such placement. No reason was demonstrated in this ease, other than an allegation that the child was in contempt of court for failure to appear. Section 39.044(2) delineates the sole criterion to be weighed at the detention hearing for continued detention.
Therefore, the petition for writ of habeas corpus is granted and the petitioner is hereby ordered discharged from the respondent’s custody in the event she is still confined in the Hillsborough Regional Juvenile Detention Center.
CAMPBELL, A.C.J., and THREADGILL and BLUE, JJ., concur.